Charlie FLENTROY, Petitioner–
Appellant

v.

Nathaniel QUARTERMAN, Director,
Texas Department of Criminal Jus-
tice, Correctional Institutions Divi-
sion, Respondent–Appellee.

No. 06–51081
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Aug. 26, 2008.

Charlie Flentroy, Lovelady, TX, pro se.

Appeal from the United States District
Court for the Western District of Texas,
USDC No. 1:06–cv–00188.

Before SMITH, STEWART, and
SOUTHWICK, Circuit Judges.

PER CURIAM: *

Charlie Flentroy,[1] Texas prisoner No.
1126349, was granted a certificate of ap-
pealability to appeal the district court's
determination that he has not exhausted
his state remedies with regard to an affir-
mative finding of a deadly weapon used to
enhance his sentence. Flentroy's motion
to stay proceedings in this court so that he
may pursue a new claim unrelated to the
arguments in his federal habeas petition is
denied, as is his motion for permission to
file a supplemental brief. Flentroy's mo-
tion to correct records is denied as moot.
In addition, Director Quarterman's motion
to supplement the record is denied.

A jury acquitted Flentroy of aggravated
robbery by use or exhibition of a deadly
weapon and convicted him of the lesser
included offense of simple robbery; how-
ever, the jury made an affirmative finding
of a deadly weapon during the penalty
phase of trial. See Flenteroy v. State, 105
S.W.3d 702, 704–05 (Tex.App.2003). The
Court of Appeals of Texas modified the
judgment to delete the deadly weapon
finding, but the Texas Court of Criminal
Appeals granted the State's petition for
discretionary review and reversed and re-
manded for reinstatement of the affirma-
tive finding of a deadly weapon. Flenteroy
v. State, 187 S.W.3d 406 (Tex.Crim.App.
2005) (en banc).

Flentroy's federal habeas petition as-
serts that the evidence was insufficient to
support the deadly weapon finding; that
the sentence enhancement violated princi-
ples of double jeopardy because his acquit-
tal of aggravated robbery made it implicit
that the jury found that the offense did not
involve a deadly weapon; and that the
indictment did not provide adequate notice
to support the finding of a deadly weapon.
Flentroy argues that he has exhausted his
federal claims because he presented the
substance of his arguments to the Texas
Court of Criminal Appeals in opposition to
the State's petition for discretionary re-
view. He further argues that exhaustion
would be futile because the Court of Crim-
inal Appeals has considered and rejected
his substantive arguments on the merits.

The Respondent argues that, under Tex-
as law, Flentroy defaulted his claims by
failing to preserve them in a cross-petition
for discretionary review. See Keith v.
State, 782 S.W.2d 861, 864 (Tex.Crim.App.
1989) (en banc); Wilson v. State, 772
S.W.2d 118, 120 & n. 3 (Tex.Crim.App.

1. The petitioner spells his name "Flentroy,"
and the docket uses that spelling; however,
the state courts have consistently used the
spelling "Flenteroy."

1989) (en banc). Claims are not exhausted unless an applicant has presented his claims to the state courts in compliance with state court rules. *Mercadel v. Cain,* 179 F.3d 271, 275 (5th Cir.1999).

A federal habeas court may excuse a petitioner's failure to exhaust state remedies and review his constitutional claims on the merits if the petitioner demonstrates cause and prejudice for the default or if he establishes that failure to consider the claims will result in a fundamental miscarriage of justice. *Morris v. Dretke,* 413 F.3d 484, 491 (5th Cir.2005); *Coleman v. Thompson,* 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). Flentroy has not attempted to make either showing.

A further exception to the exhaustion requirement applies when exhaustion would be plainly futile. *Morris,* 413 F.3d at 492. The exhaustion requirement is satisfied when the substance or "substantial equivalent" of the petitioner's claims has been "fairly presented to the highest state court." *Whitehead v. Johnson,* 157 F.3d 384, 387 (5th Cir.1998); *see also Picard v. Connor,* 404 U.S. 270, 275–78, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971). Exhaustion is unnecessary when "resort to state remedies would be futile, because … the state court's attitude toward a petitioner's claims is a foregone conclusion." *Dilworth v. Johnson,* 215 F.3d 497, 501 (5th Cir. 2000) (internal quotation marks omitted). A "subtle incongruity between [state] procedural rules and federal case law" should not bar consideration of a petitioner's constitutional claims where, as in this case, the issue was accorded some level of judicial review. *Id.*

The record shows that Flentroy presented the substantial equivalent of his federal constitutional claims to the Court of Criminal Appeals in his brief opposing the State's petition for discretionary review.

As the Court of Criminal Appeals has considered and rejected these claims on the merits, we conclude that, in the particular circumstances of this case, exhaustion of Flentroy's claims would be futile and that it is therefore unnecessary. *Id.* Accordingly, we vacate the dismissal without prejudice of Flentroy's federal petition for failure to exhaust state remedies and remand for consideration on the merits.

VACATED AND REMANDED. All pending motions are DENIED.

---

\* Pursuant to 5TH CIR. R. 47.5, the court has

determined that this opinion should not be